IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JENNIFER LIOTTA, on behalf of
herself and all others similarly
situated,

          **Plaintiff,**

    **v.**                               **1:16-cv-4634-WSD**

WOLFORD BOUTIQUES, LLC,

          **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Wolford Boutiques, LLC's ("Defendant") Motion to Dismiss [7].

## I.    BACKGROUND

### A.    Facts

Plaintiff Jennifer Liotta ("Plaintiff") alleges that Defendant caused a text message advertising Defendant's goods to be sent to Plaintiff's cellular telephone. (Am. Compl. [2] ¶ 7). The text message advertisement did not clearly state the identity of the business responsible for sending the text message, nor did it provide an automated opt-out mechanism for the recipient to make a do-not-call request. (Am. Compl. ¶¶ 8-9). The text message did not otherwise provide an opt-out

procedure.  (Am. Compl. ¶ 9).  Plaintiff called the telephone number provided in the text message and attempted to be removed from the recipient list, but Defendant's representative told Plaintiff "there was nothing Defendant could do to stop the text messages."  (Am. Compl. ¶ 10).

On or about September 2, 2016, Defendant again caused a text message advertising its goods to be sent to Plaintiff's cellular telephone.  (Am. Compl. ¶ 11).  This second message also did not clearly state the identity of the business responsible for sending the text message, nor did it provide any opt-out mechanism, automated or otherwise.  (Am. Compl. ¶¶ 12-13).  Plaintiff alleges that Defendant's actions caused her to suffer an invasion of privacy, depleted her cell phone batteries, and intruded on the capacity of Plaintiff's cell phone.

B.    Procedural History

On September 7, 2016, Plaintiff filed her class action complaint [1.1] in the State Court of Fulton County, Georgia.  On November 17, 2016, she filed her amended complaint [2].  On December 16, 2016, Defendant removed this action to this Court.  Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA") by sending her and others similarly situated text advertisements that failed to include the disclosure requirements set forth in

47 C.F.R. § 64.1200(b)(1), and the opt-out requirements set forth in 47 C.F.R. § 64.1200(b)(3).

On January 6, 2017, Defendant filed its Motion to Dismiss, arguing that the Court lacks subject-matter jurisdiction over the action because Plaintiff's Amended Complaint fails to establish standing under Article III.  Defendant argues that Plaintiff's claim is based on a mere procedural violation of the TCPA, and that Spokeo v. Robins, 136 S. Ct. 1549 (2016) bars such claims.  Plaintiff argues that the injury she sustained is the type of injury the TCPA seeks to address, and that she has standing under Article III.

## II.     DISCUSSION

### A.     Legal Standard

On a motion to dismiss, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences."  Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010).  Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true."  Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)).  Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true.

See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  Mere "labels and conclusions" are insufficient.   Twombly, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible."  Id. at 1289 (quoting Twombly, 550 U.S. at 570).

B.    Analysis

The TCPA provides:

**(3) Private Right of Action**.  A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

4

>    **(A)** an action based on a violation of this subsection or the
>    regulations prescribed under this subsection to enjoin such
>    violation,
>
>    **(B)** an action to recover for actual monetary loss from such a
>    violation, or to receive $500 in damages for each such
>    violation, whichever is greater, or
>
>    **(C)** both such actions.
>
>    If the court finds that the defendant willfully or knowingly
>    violated this subsection or the regulations prescribed under this
>    subsection, the court may, in its discretion, increase the amount
>    of the award to an amount equal to not more than 3 times the
>    amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).  The regulations implementing the TCPA provide, in

pertinent part, that all artificial or prerecorded telephone messages shall "state

clearly the identity of the business, individual, or other entity that is responsible for

initiating the call" and "provide an automated, interactive voice- and/or key

press-activated opt-out mechanism for the called person to make a do-not-call

request."  47 C.F.R. § 64.1200(b)(1) & (3).[1]

The question here is whether the alleged violation of these provisions in this

case is sufficient to establish standing under Article III.  In <u>Spokeo</u>, the Supreme

---

[1]    The TCPA's "prohibition against auto dialed calls applies to text message
calls as well as voice calls."  <u>Murphy v. DCI Biologicals Orlando, LLC</u>, 797 F.3d
1302, 1305 (11th Cir. 2015) (citation omitted); <u>see also</u> <u>Jenkins v. LL Atlanta,
LLC</u>, No. 1:14-CV-2791-WSD, 2016 WL 1029524, at *3 (N.D. Ga. Mar. 9, 2016)
(citing cases).

Court reiterated that a plaintiff invoking federal jurisdiction must establish that she has Article III standing, which requires:  (1) an injury in fact; (2) fairly traceable to the challenged conduct of the defendant; and (3) likely to be redressed by a favorable judicial decision.  136 S. Ct. at 1547.  Defendant argues Plaintiff has not established that she suffered an injury in fact.  The injury in fact element requires a plaintiff to show that she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  Id. at 1548.  For an injury to be particularized, it "must affect the plaintiff in a personal and individual way."  Id.  To be concrete, an injury must be "de facto"—that is, it must be real; it must actually exist.  Id.  Intangible injuries can be concrete.  Id. at 1549.

The Supreme Court also recognized that a plaintiff does not automatically satisfy the injury in fact requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Id.  For example, a bare procedural violation of a statute like the Fair Credit Reporting Act ("FCRA"), absent some harm resulting from the violation, does not satisfy the "concrete" element for Article III standing.  Id. at 1550.

Defendant contends that Plaintiff's Amended Complaint alleges only that Defendant violated a bare procedural requirement of the TCPA.  Plaintiff relies on

the Eleventh Circuit's recent decision in Church v. Accretive Health, Inc., 654 F. App'x 990 (11th Cir. 2016).  In Church, the Eleventh Circuit applied Spokeo in a Fair Debt Collection Practices Act ("FDCPA") case.  The plaintiff alleged that a collection agency mailed a collection letter to the plaintiff which failed to include the disclosures required by the FDCPA.  Id. at 994.  The Eleventh Circuit noted that "[a]n injury-in-fact, as required by Article III, 'may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing . . . .'"  Id. at 993 (citing Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, 781 F.3d 1245, 1251 (11th Cir. 2015)).  It observed that Spokeo reaffirmed that a "violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact."  Id. at 993.  Under the facts in Church, the court found that the FDCPA violation at issue was sufficient for standing, because "the invasion of [the plaintiff's] right to receive the disclosures is not hypothetical or uncertain; [the plaintiff] did not receive information to which she alleges she was entitled."  Id.

Other courts considering different facts in light of Spokeo have come to different conclusions than Church.  For example, in Landrum v. Blackbird Enters., LLC, No. cv H-16-374, ––– F. Supp. 3d ––––, 2016 WL 6075446, at *4 (S.D. Tex. Oct. 3, 2016), the court considered whether a particular violation of the FCRA was

sufficient for standing.  The FCRA requires an employer to give certain information to job applicants before the employer may request the applicant's consumer report, and it requires the employer to give this information to the applicant as a stand-alone document.  The court explained, "[a] statutory right to information is substantive.  A statutory right to receive that information <u>in a particular format</u> is procedural."  <u>Landrum v. Blackbird Enters., LLC</u>, No. cv H-16-374, ––– F. Supp. 3d ––––, 2016 WL 6075446, at *4 (S.D. Tex. Oct. 3, 2016) (emphasis in original).  Put another way, "[t]he *goal* of the stand-alone requirement is a substantive one:  to ensure that certain information is in fact conveyed clearly to job applicants.  The *means* chosen to implement that goal, however, are purely formal:  the portion of the statute at issue prescribes the physical format that the disclosure must take."  <u>In re Michaels Stores, Inc.</u>, Civ. No. 14-7563 (KM) (JCB), 2017 WL 354023, at *6 (D. N.J. Jan. 24, 2017).  These courts concluded that a bare procedural violation of the stand-alone disclosure requirement, without any allegation that the information was not, in fact, conveyed, was insufficient to confer standing.

Here, the harm Plaintiff alleges is even more concrete than the intangible harm found sufficient for standing in <u>Church</u>, and it is not the type of bare procedural violation found insufficient in <u>Landrum</u> and <u>In re Michaels</u>.  Plaintiff

alleges not only that she did not receive information to which she was legally entitled, but that Defendant's failure to provide her with that information caused Plaintiff "precisely the kinds of harm the TCPA aims to prevent."  Tillman v. Ally Fin. Inc., No. 2:16-CV-313-FTM-99CM, 2016 WL 6996113, at *4 (M.D. Fla. Nov. 30, 2016).  Congress enacted the TCPA "in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls[,]" which were a "nuisance and an invasion of privacy."  Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009).  In Osorio v. State Farm Bank F.S.B., 746 F.3d 1242 (11th Cir. 2014), the Eleventh Circuit cited Senator Hollings, the TCPA's sponsor, describing unwanted autodialed calls as "the scourge of modern civilization.  They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall."  Id. at 1255-56 (quoting 137 Cong. Rec. 30,821 (1991)); Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012) (noting Congress's findings in enacting the TCPA, including that "unrestricted telemarketing [ ] can be an intrusive invasion of privacy").[2]  Thus, a violation of

---

[2]     The Federal Communication Commission ("FCC") has stated that "[t]he intent of Congress, when it established the TCPA in 1991, was to protect consumers from the nuisance, invasion of privacy, cost, and inconvenience that autodialed and prerecorded calls generate.  Congress found that consumers

the TCPA presents a risk of real harm to consumers as each unwanted call or text

message can result in the nuisance and invasion of privacy contemplated by

Congress.  Reichman v. Poshmark, Inc., ⸺ F. Supp. 3d ⸺, 2017 WL 436505,

at *3 (S.D. Cal. Jan. 3, 2017).

The specific violation here, Defendant's failure to include an opt-out

mechanism with its text messages, resulted in the precise harm the TCPA

provisions aimed to prevent, namely the nuisance and invasion of privacy that

result from unwanted text messages.  See JWD Auto., Inc. v. DJM Advisory Grp.

LLC, ⸺ F. Supp. 3d ⸺, 2016 WL 6835986, at *3 (M.D. Fla. Nov. 21, 2016)

(where plaintiff alleged occupation of its fax machine due to junk fax

transmissions, plaintiff alleged "precisely the kinds of harm the TCPA aims to

prevent"); Tillman, 2016 WL 6996113, at *3-4 (finding standing where plaintiff

alleged he received unsolicited automated calls which intruded upon his seclusion).

Courts have recognized that the receipt of unwanted phone calls, standing alone,

constitutes a concrete injury under the TCPA.  See, e.g., Caudill v. Wells Fargo

Home Mtg., Inc., Civ. No. 5:16-066, 2016 WL 3820195, at *2 (E.D. Ky. July 11,

_____

consider these kinds of calls, 'regardless of the content or the initiator of the
message, to be a nuisance and an invasion of privacy.'"   Rules & Regulations
Implementing the TCPA, 30 F.C.C.R. 7961, 7979-80 (July 10, 2015) (quoting S.
Rep. No. 102-178, 1st Sess., 102nd Cong. (1991) at 2, 4-5).

2016) (calls caused harms "such as the invasion of privacy [that] have traditionally

been regarded as providing a basis for a lawsuit in the United States");

Rogers v. Capital One Bank (USA), N.A., No. 1:15-cv-4016, 2016 WL 3162592,

at *2 (N.D. Ga. June 7, 2016); Mey v. Got Warranty, Inc., 5:15-cv-101, 2016 WL

3645195, at *7 (N.D. W. Va. 2016) (collecting cases).  Plaintiff's allegation that

she called Defendant to ask to be removed from its advertising list is an even more

concrete harm than the types of harm found sufficient to confer standing in other

TCPA cases.  Defendant's violation of the TCPA, in the context of the facts of this

case, is not the type of bare procedural violation described in Spokeo.  Rather, the

violation resulted in the precise harm Congress sought to address in enacting the

TCPA, and Plaintiff's Amended Complaint adequately alleges that she suffered an

injury in fact.  Because Plaintiff adequately alleges standing, Defendant's Motion

to Dismiss is denied.[3, 4]

---

[3]     Defendant argues that the text messages were not "unsolicited," because
Plaintiff signed a written consent to receive the text messages at issue.  ([7.1] at 1).
On a motion to dismiss, the Court must "assume that the factual allegations in the
complaint are true and give the plaintiff[] the benefit of reasonable factual
inferences."  Wooten, 626 F.3d at 1196.  There is no allegation in the Amended
Complaint that states or infers that Plaintiff consented to the text messages.
[4]     Defendant also argues that the harms Plaintiff alleges are *de minimus*.  The
Court disagrees.  "The Supreme Court has rejected the argument that an injury
must be 'significant'; a small injury, 'an identifiable trifle,' is sufficient to confer
standing."  Common Cause/Georgia v. Billups, 554 F.3d 1340, 1351 (11th Cir.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Wolford Boutiques, LLC's

Motion to Dismiss [7] is **DENIED**.


**SO ORDERED** this 30th day of March, 2017.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

2009) (quoting <u>United States v. Students Challenging Regulatory Agency Procedures</u>, 412 U.S. 669, 689 n.14 (1973)); <u>see also</u> <u>Tillman</u>, 2016 WL 6996113, at *4 (rejecting defendant's "*de minimus*" argument that receipt of unwanted calls is insufficient injury to confer standing under TCPA).