## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JENNIFER LIOTTA, on behalf of herself
and all others similarly situated,

                              Plaintiff,          Case No.: 1:16-cv-04634-WSD

    vs.

WOLFORD BOUTIQUES, LLC

                           Defendant.

## MUTUAL CONSENT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF CLASS NOTICE, AND SCHEDULING OF A FINAL APPROVAL HEARING

Plaintiff Jennifer Liotta ("Plaintiff"), and Defendant Wolford America Inc., f.k.a. Wolford Boutiques, LLC, ("Wolford") (collectively the "Parties"), jointly move for preliminarily approval of the class settlement, and to preliminarily certify the settlement class, approve the class notice, and schedule the final approval hearing.

Specifically, the Parties hereby move for the Court to Approve the Settlement Agreement ("Agreement"), a copy of which is attached hereto as Exhibit A. The Agreement, in its material terms provides that Wolford will pay

1

Class Members via non-expiring fully transferable gift cards an amount commensurate with the number of texts received.  Additionally, the Agreement provides that Wolford will pay the costs of class notice, and costs associated with administering the Settlement, a seperarte and additional amounts to the named class representative and a separate and additional amount as atorneys' fees to class counsel.

Accordingly, the Parties jointly move the Court for a Preliminary Approval Order:

1) finding that the proposed Settlement is sufficiently fair, reasonable, and adequate to notify the members of the Settlement Class;

2) preliminarily certifying the proposed Settlement Class, for purposes of the Proposed Settlement only;

3) appointing Plaintiff's counsel as Class Counsel for the proposed Settlement, and appointing Plaintiff to serve as the Class Representatives for the proposed Settlement Class;

4) appointing JND Legal Administration to act as the claims administrator

5) establishing a date for a hearing on final approval of the Proposed Settlement;

6) approving the form of notice to the Settlement Class, and claim form;

7) approving the notice plan and directing that notice be mailed and published;

8) instituting a stay of all proceedings against the Releasees in this action based on the facts alleged in the Class Action;

9) establishing a deadline for filing papers in support of final approval

of the proposed Settlement;

10)     establishing a deadline for the filing of objections by members of the proposed Settlement Class; and

11)     establishing a deadline for members of the proposed Settlement Class to exclude themselves from the proposed Settlement.

Respectfully submitted this 21st day of December, 2017

FRIED & BONDER LLC


By: */s/ Scott L. Bonder*
Scott L. Bonder
Georgia Bar No. 066815
sbonder@friedbonder.com
Joseph A. White
Georgia Bar No. 754315
jwhite@friedbonder.com
1170 Howell Mill Road, NW
Atlanta, Georgia  30318
Telephone: (404) 995-8808
Counsel for Plaintiff

MINTZ LEVIN COHN FERRIS
GLOVSKY and POPEO P.C.


By: */s/ Samantha J. Duplantis*
Samantha J. Duplantis
California State Bar No. 316012
sjduplantis@mintz.com
44 Montgomery Street, 36th Floor
San Francisco, California 94104
Telephone: (415) 432-6000
Counsel for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JENNIFER LIOTTA, on behalf of herself
and all others similarly situated,

               Plaintiff,

    vs.

WOLFORD BOUTIQUES, LLC

               Defendant.

Case No.: 1:16-cv-04634-WSD

## CERTIFICATE OF SERVICE

I hereby certify that I electronically served **Mutual Consent Motion for Preliminary Approval of Class Settlement, Preliminary Certification of Settlement Class, Approval of Class Notice, and Scheduling of a Final Approval Hearing** with the Clerk of Court using the CM/ECF system which will automatically send to the following attorneys of record:

Scott N. Sherman
Nelson Mullins Riley & Scarborough LLP
201 17th Street, N.W.
Suite 1700
Atlanta, GA 30363

Joshua Briones
Mintz Levin Cohn Ferris Glovsky and Popeo P.C.
Century Plaza Towers 2029
Century Park East Suite 1370
Los Angeles, CA 90067

This 21st day of December, 2017.                    **FRIED & BONDER, LLC**

                                                    _/s/ Scott Bonder_
                                                    Scott L. Bonder
                                                    Georgia Bar No. 066815
                                                    Joseph A. White
                                                    Georgia Bar No. 754315
                                                    Matthew R. Kahn
                                                    Georgia Bar No. 833443

White Provision, Suite 305
1170 Howell Mill Rd. NW
Atlanta, GA 30318
Phone: (404) 995-8808
Facsimile: (404) 995-8899

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JENNIFER LIOTTA, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Case No.: 1:16-cv-04634-WSD |
| vs. | |
| WOLFORD BOUTIQUES, LLC | |
| Defendant. | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made and entered into this 21 day of December, 2017, by and between the following "Parties": Wolford America, Inc., f.k.a. Wolford Boutiques, LLC ("Wolford"), and plaintiff and putative class representative Jennifer Liotta ("Plaintiff" or "Class Representative"), individually and on behalf of the Participating Class Members (as defined herein) of the Settlement Class (as defined herein) as recipients of the July 7, 2016 and September 2, 2016 text messages (the "Text Messages") alleged to be sent in violation of the Telephone Consumers Protection Act, 47 USC § 227 ("TCPA").

1

WHEREAS, Plaintiff brought this action on behalf of herself and other similar recipients of the Text Messages;

WHEREAS, Wolford denies any and all liability, injury, or damage to the Settlement Class, and denies that it sent text messages in violation of the TCPA, but has agreed to enter this Settlement Agreement to avoid the expense, inconvenience, and risks of litigation, and any other present or future litigation arising out of the same facts that give rise to the Class Action, and to avoid the distraction and diversion of Wolford personnel and resources, and to put to rest this controversy with its customers;

WHEREAS, Class Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the Class Action and the legal and factual defenses thereto and the applicable law, and after review of information provided by Wolford and otherwise obtained by Class Counsel, that it would be in the best interests of the Plaintiff and the Class Members to enter into this Settlement Agreement to avoid the uncertainties of litigation, to assure that the benefits reflected herein are obtained for the Plaintiff and all Class Members, and that this Settlement fairly reflects the value of the claims; and, as a result, Class Counsel consider the settlement set forth herein to be fair, reasonable, adequate, and in the best interests

2

of Plaintiff and all members of the Class;

WHEREAS, arm's-length settlement negotiations have taken place between Class Counsel and counsel for Wolford over a period of months, and this Settlement Agreement, which embodies all of the terms and conditions of the settlement between Wolford and the Plaintiff and the Class, has been reached, subject to the approval of the Court and Final Approval, as provided herein;

WHEREAS, it is anticipated that this Settlement Agreement will resolve all claims, potential claims, or other relief against or potentially against the Releasees (as defined herein) that have been, or could have been, raised in the Class Action arising from the sending of the subject Text Messages.

NOW, THEREFORE, in consideration of the covenants, terms, and releases in this Settlement Agreement and for other good and valuable consideration, it is by and among the undersigned agreed that the Class Action be settled, compromised, and fully resolved as to the Releasees, all subject to the approval of the Court and the following terms and conditions:

## A.    Definitions

The following terms, as used in this Settlement Agreement, have the following meanings. The definitions herein are solely for purposes of this Agreement and do not constitute an admission by any party with respect to the underlying facts as they

3

may be relevant to the Plaintiff's claims:

1.    "Action" or "Class Action" means the pending litigation among the parties captured <u>JENNIFER LIOTTA, on behalf of herself and all others similarly situated v. WOLFORD BOUTIQUES, LLC</u>, Case No.: 1:16-CV-04634-WSD, pending in the Northern District of Georgia.

2.    "Claims Deadline" means 90 days after the Notice Deadline.

3.    "Claim Form" or "Claim" means the form Settlement Class Members must submit to be eligible for relief under the terms of the Settlement, the proposed form of which is attached hereto as **<u>Exhibit A</u>**.

4.    "Wolford" means Wolford America Inc., named in the instant action as Wolford Boutiques, LLC, and all of its successors.

5.    "Settlement Agreement" means this settlement agreement.

6.    "Claims" and/or "Released Claims" means any and all suits, claims, rights, demands, assertions, allegations, causes of action, controversies, proceedings, losses, damages, injuries, attorneys' fees, costs, expenses, debts, liabilities, judgments, or remedies, which are related to the subject matter of the Class Action, whether arising under federal or state or any other law, including all claims that were or could have been brought in the Class Action arising from the sending of the subject Text Messages .

4

7.     "Claims Administrator" means an independent professional service to be selected by agreement of Class Counsel and Counsel for Wolford and charged with administering the claims process and distribution of the settlement. The Parties have selected JND Legal Administration to be the administrator subject to Court Approval.

8.     "Class Counsel" means the law firm of Fried & Bonder, LLC, and specifically Scott L. Bonder and Joseph A. White of such firm.

9.     "Class Member" or "Settlement Class Member" or "Class" means each member of the proposed Settlement Class.

10.     "Complaint" means the Amended Class Action Complaint filed in the Action on December 20, 2016.

11.     "Court" means the U.S. District for the Northern District of Georgia, Atlanta Division.

12.     "Effective Date" means the date on which the Settlement Agreement becomes final in accordance with the terms of Section C6 below.

13.     "Execution Date" means the date of the execution of this Settlement Agreement by Plaintiff and Wolford.

14.     "Notice" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for

preliminary approval of the Settlement.

15.    "Notice Deadline" means 30 days after the Court's Order Preliminarily Approving the Settlement Agreement is entered.

16.    "Objection Deadline" means 60 days after the Notice Deadline.

17.    "Opt-Out Deadline" means 60 days after the Notice Deadline.

18.    "Settlement Website" means the website that the Claims Administrator will establish as soon as practicable following Preliminary Approval, but prior to the commencement of the Notice Program, as a means for Settlement Class Members to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Notice, the order preliminarily approving this Settlement, the Claim Form, the Complaint and such other documents as Class Counsel and Wolford agree to post or that the Court orders posted on the website. These documents shall remain on the Settlement Website at least until Final Approval. The URL of the Settlement Website shall be http://www.tcpaclassbenefits.com/wolford/.

Participating Class Members shall also be able to submit Claim Forms electronically via the Settlement Website. The Settlement Website shall not include any advertising and shall remain operational until at least 30 days after distribution of the funds and Final Approval.

6

19.    "Settlement Opt Out" means a Class Member who has submitted a valid request by the Opt-Out Deadline for exclusion from the Settlement Class pursuant to the opt-out procedure adopted by the Court.

20.    "Participating Class Member" means every entity and/or person falling within the definition of the Settlement Class defined herein that is not a Settlement Opt Out (i.e., has not made a timely and valid request for exclusion from the Settlement Class pursuant to the opt-out procedure approved by the Court).

21.    "Releasees" means, jointly and severally, individually and collectively, Wolford, past, present and future parents, subsidiaries, divisions, affiliates, stockholders, investors, equity holders, parent entities, owners, members, officers, advisors, investors, and each and any of its past, present, and future respective members, officers, directors, insurers, general or limited partners, employees, agents, legal representatives, together with the predecessors, heirs, attorneys and executors, administrators, successors and assigns of the foregoing.

22.    "Releasors" means, jointly and severally, individually and collectively, each and every Plaintiff and Participating Class Member, including any of his, her or its past, present or future parents, subsidiaries, divisions, affiliates, stockholders, and each and any of their respective past, present, and

7

future stockholders, officers, directors, insurers, general or limited partners, agents, attorneys, employees, legal representatives, trustees, associates, heirs, executors, administrators, purchasers, predecessors, successors and assigns, acting in their capacity as such, and anyone claiming by or through them.

23.    "Class" means the owners of the telephone numbers that are claimed to have received one or both of the Text Messages sent by Wolford on July 7, 2016 and September 2, 2016.  Excluded from the Class is the judge presiding over this matter, any members of his judicial staff, the officers and directors of WOLFORD, and persons who timely and validly request exclusion from the Class.

24.    "Tier One Class Member" or "Tier One" refers to a Class Member who received only one of the Text Messages. One thousand six hundred eighty-four (1,684) Class Members are Tier One Class Members.

25.    "Tier Two Class Member" or "Tier Two" refers to a Class Member who received both Text Messages at issue. Two thousand five hundred ninety-five (2,595) Class Members are Tier Two Class Members.

**B.    Stipulation to Class Certification.**

1.    The Parties hereby stipulate for the purposes of this Settlement Agreement that the requirements of Federal Rules of Civil Procedure 23(a) and

23(b)(3) are satisfied in this case, and, subject to Court approval, the Settlement

Class defined in paragraph A23 shall be certified for settlement purposes as to the

Releasees.

2.     The Parties' agreement as to certification of the Settlement Class

is only for the Purpose of effectuating this settlement and for no other purpose. The

Parties retain all of their respective positions, objections, arguments and/or

defenses with respect to class certification if the Settlement Agreement is

rescinded or otherwise does not receive Final Approval as defined herein. The

Parties acknowledge that there has been no stipulation to a class or certification of

a class for any purposes other than effectuating the Settlement Agreement, and that

if the Settlement Agreement does not receive Final Approval as defined herein, this

agreement as to certification of the Settlement Class becomes null and void *ab*

*initio* and no party may cite to this Settlement Agreement or certification of the

Settlement Class in support of or against an argument for certifying a class.

### C.    Approval of this Settlement Agreement and Dismissal of Claims

1.     Plaintiff, Class Counsel, Wolford and its counsel agree to use

their reasonable best efforts to effectuate this Settlement Agreement, including, but

not limited to, cooperating in promptly seeking both preliminary and final approval

of this Settlement Agreement (including the giving of class notice under Federal

9

Rules of Civil Procedure 23(c) and (e) to secure certification of the Settlement Class), and the prompt, complete, and final dismissal with prejudice of the Action as to all Releasees. Wolford agrees not to object to Plaintiff's request for preliminary and final approval of class-wide settlement insofar as those requests are made in accordance with this Settlement Agreement.

2.     By the court-ordered deadline, currently December 21, 2017, the Parties shall submit to the Court a joint motion for preliminary approval of this Settlement Agreement, for authorization to disseminate notice to the Settlement Class, and for a stay of all proceedings against the Releasees in the Class (the "Motion"). The Motion shall include: (a) the definition of the Settlement Class to be certified by the Court pursuant to this Settlement Agreement; (b) the proposed form of, method for, and date of dissemination of notice to the Settlement Class; and (c) a proposed form of preliminary approval order.

3.     Within ten (10) days of the filing of the Motion, Wolford (or a vendor retained by it) shall, at Wolford's expense, notify federal and state officials as specified in 28 U.S.C. §§ 1715(a) & (b).

4.     **Notice Program:** Upon preliminary approval of the Settlement Agreement, Class Counsel shall, in accordance with Fed. R. Civ. P. 23 and the Court's Order, provide Settlement Class Members with Notice.

10

a.     Notice will be provided to the Class Members by written mail (post-card) pursuant to addresses determined from a look-up on the telephone numbers using a historic look-up process designed to identify the owner of the telephone number on July 7, 2016 and September 2, 2016. The Claims Administrator will use multiple databases to determine addresses and names of the cellular telephone owners at the time the text message was sent.

b.     The Notice will clearly state: "(1) the nature of the action; (2) the definition of the class certified; (3) the claims, issues or defenses; (4) that a class member may enter an appearance through an attorney if the member so desires; (5) that the court will exclude any member from the class who requests exclusion (6); the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on members." Fed. R. Civ. P. 23(c)(2)(B). The agreed-upon post-card Notice Form is attached hereto as **<u>Exhibit A</u>**. In addition, on the website there will be a Q&A with additional common questions answered, attached hereto as **<u>Exhibit B</u>**.

c.     The failure of any Class Member to receive notice or any other document as described in this Settlement Agreement shall not be a basis for invalidating this Settlement Agreement or any order entered pursuant thereto, and the Settlement Agreement, Release, and covenants not to sue shall nevertheless be

11

binding and the final judgment approving the Settlement Agreement effective, in accordance with each of their respective terms.

        d.    Claim forms will be able to be submitted either via mail/return postcard or online via the Settlement Website. The agreed-upon Claim Form that can be printed from the website and submitted via mail is attached hereto as **<u>Exhibit C</u>**. The Class Administrator will construct the Settlement Website to house documents for class members (e.g., Settlement Agreement, Notice, online version of Claim Form) and to provide online submission of claims for class members who would rather submit claims online than via mail. The link to that website (http://www.tcpaclassbenefits.com/wolford/) will be provided in the mail notices and publication notices. The Class Administrator will make available on the class action website a way for persons to enter their telephone numbers as of July 7, 2016, to see if they are a Class Member.

        e.    The Notice shall include a procedure for Class Members to exclude themselves from the Class by notifying the Claims Administrator in writing of a Class Member's intent to exclude himself or herself from the Class. Such written notification must be postmarked no later than the Opt-Out Deadline, as specified in the Notice. The written notification must include the individual's name and address and telephone number on the date they received the Text

Message(s); a statement that he or she wants to be excluded from the Consumer Action; and the individual's signature. The Claims Administrator shall provide the Parties with copies of all opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Class, which Class Counsel may move to file under seal with the Court no later than 10 days prior to the Final Approval Hearing. Any Class Member who does not timely and validly exclude himself or herself shall be bound by the terms of the Settlement, upon Final Approval by the Court.

           f.    The Notice shall also include a procedure for Class Members to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs and expenses. Objections to the Settlement or to the application for fees, costs, and expenses are to be mailed to the Class Administrator and be postmarked by no later than the Objection Deadline, as specified in the Notice. The Class Administrator will provide copies of any objections to Class Counsel and Wolford's counsel, and objections will be provided to the Court before the Final Approval hearing. An objection must set forth: (a) the name of the Action; (b) the objector's full name, address, and telephone number; (c). an explanation of the basis upon which the objector claims to be a Class Member; (d) all grounds for the objection, accompanied by any legal

support for the objection; (e) the identity (if any) of all counsel representing the objector who will appear at the Final Approval Hearing; (f) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (g) the objector's signature on the written objection.

g.      The Notice Program shall be completed by the Notice Deadline, excluding any re-mails for Mail Notices that are returned undeliverable, which re-mails must be completed thirty (30) days before the Claims Deadline.

h.      The Claims Administrator shall post the Notice on the Settlement Website in the form agreed to by the Parties and approved by the Court. The Notice shall be posted on the Settlement Website before Claim forms are mailed out and before publication notice begins.

i.      Within seven (7) days after the Notice Deadline, the Claims Administrator shall provide Class Counsel and Wolford with one or more declaration(s) confirming that the Notice Program and posting of Notice on the Settlement Website were completed in accordance with the Parties' instructions and the Court's approval. Class Counsel shall file such declaration(s) with the Court as an exhibit to or in conjunction with Class Representative's motion for final approval of the Settlement.

j.      The costs of the Claims Administrator shall be borne by

and paid by Wolford in accordance with Section E2 below.

   5. **Final Approval:** Class Counsel shall promptly submit a motion for final approval of the Settlement Agreement to the Court after notice is given to the members of the Settlement Class of the Settlement Hearing.

    a. The Motion for Final Approval and Requested Order will include at least the following items to be requested from the Court: (1) approving finally this Settlement Agreement and its terms as a fair, reasonable, and adequate settlement as to the Participating Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms; (2) ordering that, as to the Releasees, the Action be dismissed with prejudice and, except as specifically provided for in this Settlement Agreement, without costs; (3) discharging and releasing the Releasees and Releasors from all Released Claims, in conformance with this Settlement Agreement; (4) reserving exclusive jurisdiction over the Settlement and this Settlement Agreement, including the administration and consummation of this settlement; (5) determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to the Releasees shall be final and entered forthwith; (6) requiring Class Counsel to file with the Clerk of the Court a record of Settlement Opt-Outs, and to provide a copy of the record to counsel for

Wolford; and (7) ordering the Claims administrator to pay all timely and valid claims via electronic delivery of the gift cards detailed elsewhere in this Agreement.

b.      The Final Approval hearing shall be scheduled no earlier than 90 days after the CAFA notices in paragraph C3 are mailed to ensure compliance with 28 U.S.C. § 1715. Within 30 days after the Objection Deadline, Plaintiff shall file a motion for final approval of the Settlement and a motion for attorneys' fees, costs, and expenses for Service Awards in accordance with paragraph E4 of this Settlement Agreement. At the Final Approval Hearing, the Court will consider the motion for final approval of the Settlement, and Class Counsel's application for attorneys' fees, costs, expenses and for Service Awards. The Court, in its discretion, may also hear argument as to any Class Members (or their counsel) who object to the Settlement or to the application for attorneys' fees, costs, expenses, and for awards to the class representative, provided the objectors filed timely objections that meet all of the requirements listed in paragraph C4f.

6.      This Settlement Agreement shall become final and shall be deemed to have received final approval ("Final Approval") on the date that: (a) the Court has entered a final order approving this Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure, and a final judgment dismissing the

16

Action as against the Releasees with prejudice as to all Participating Class Members and without costs; and (b) the time for appeal or to seek permission to appeal from the Court's approval of this Settlement Agreement and entry of a final judgment as described in clause (a) above has expired or, if appealed, approval of this Settlement Agreement and the final judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmation has become no longer subject to further appeal or review. The Parties agree that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the time of finality of the judgment. On the Execution Date of this Settlement Agreement, the Parties shall be bound by its terms, and this Settlement Agreement shall not be rescinded unless in accordance with terms provided herein. Appeals relating solely to attorneys' fees or costs shall not delay the Final Approval of this Settlement Agreement and shall not delay the entry of final judgment, or the finality of the judgment, as to the claims against any of the Releasees. In the event that Final Approval is not received or this Settlement Agreement is rescinded as provided herein, this Settlement Agreement becomes null and void.

7.    The Parties acknowledge that Wolford is entering into this Settlement Agreement to eliminate the uncertainty, burden, and expense of

litigation without any presumption or inference of admission of liability or wrongdoing or bad faith on the part of the Releasees, and without any inference of admission of any violations of the TCPA so as to support claims for statutory damages and/or actual damages. The terms of this Settlement Agreement, the negotiations leading up to this Settlement Agreement, performance in accordance with this Settlement Agreement, and the data, documents, or information exchanged between the Parties in connection with, or pursuant to, this Settlement Agreement, may not be offered, taken, construed, or introduced as evidence of liability or as an admission or statement of wrongdoing by the Releasees, either in this Class Action, or in any pending or future civil or criminal proceeding in any court of law or equity or before any government, administrative, or regulatory agency or other tribunal in the United States or elsewhere in the world, except in a proceeding to enforce this Settlement Agreement or to defend against the assertion of the claims in this Class Action by Releasees or as otherwise required by law.

8.    The Parties also acknowledge and agree that, in the event that Final Approval is not obtained, nothing herein shall be admissible against the Plaintiff or any members of the Class or be construed in any way as an admission against interest.

**D.      Release and Discharge.**

1.      Upon the occurrence of the Final Approval, and in consideration of the issuance of the Gift Cards, as specified in Section E of this Settlement Agreement, and for other valuable consideration recited herein, the Releasees shall be completely released, acquitted, and forever discharged from and against any and all Claims, demands, actions, suits, and causes of action, whether class, individual, or otherwise in nature, damages of any nature whatsoever, liabilities of any nature whatsoever, including costs, expenses, penalties, and attorney's fees, that Releasors, or anyone of them, whether directly, indirectly, derivatively, or in any capacity whatsoever, ever had, now has, or hereafter can, shall, or may have against the Releasees, whether known or unknown, suspected or unsuspected, in law or equity, relating in any way to or on account of or arising out of the facts, occurrences, transactions, or other matters alleged in the Complaint in the Action, or contained in complaints containing the same or similar allegations regarding the Text Messages and the alleged violation of the TCPA in sending the Text Messages, through the Effective Date of this Settlement Agreement.

2.      Each Releasor waives California Civil Code Section 1542 and similar provisions in other states. Each Releasor hereby certifies that he, she, or it is aware of and has read and reviewed the following provision of California Civil

Code Section 1542 ("Section 1542"): "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." The provisions of the release set forth above shall apply according to their terms, regardless of the provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction. Each Releasor may hereafter discover facts other than or  different from those which he, she, or it knows or believes to be true with respect to the Claims that are the subject matter of this Settlement Agreement, but each Releasor hereby expressly and fully, finally and forever waives and relinquishes, and forever settles and releases any known or unknown, suspected or unsuspected, contingent or non- contingent, Claim, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts, as well as any and all rights and benefits existing under (i) Section 1542 or any equivalent, similar or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above, without regard to the subsequent discovery or existence of such other or different facts.

20

3.    Upon the occurrence of the Final Approval, Releasees will release, acquit, and forever discharge any claims against the Releasors, whether known or unknown, that relate to or arise out of the facts, occurrences, transactions, or other matters alleged in the Complaint in the Action.

E.    **Settlement Consideration**

1.    Wolford will issue gift cards in the anticipated maximum amount of four hundred twelve thousand four hundred forty dollars ($412,440.00) to be issued as described herein:

a.    Tier One Class Members consist of those six hundred eighty-eight (688) Class Members who received the July 7, 2016 Text and those nine hundred ninety-six (996) Class Members who received the September 2, 2016 Text, for a total anticipated Tier One Class size of one thousand six hundred eighty-four (1,684). Tier One Class Members whose claims are approved by the Class Administrator, will receive a transferable electronic NON-EXPIRING Wolford gift card in the amount of SIXTY DOLLARS ($60.00) each.

b.    Tier Two Class Members consist of those two thousand five hundred ninety-five (2,595) Class Members who received both the July 7 and the September 2, 2016 Texts. Tier Two Class Members whose claims are approved by the Class Administrator, will receive a transferable electronic NON-

21

EXPIRING Wolford gift card in the amount of ONE HUNDRED AND TWENTY

DOLLARS ($120.00) each.

        c.     Each Class Member will be required to represent on the

claim form that the information provided in the claim form (which will include a

statement that the telephone number in question belonged to claimant at the time

the Class Member received the Text Message(s)) is true and correct.

        d.     The Parties have stipulated to lists including Tier One

and Tier Two telephone numbers, which was derived from a master list provided

by Wolford. The list will be provided to the Class Administrator and can be filed

under seal with the Court at the Court's request.

        e.     The Claims Administrator will endeavor to make sure

that only one claim is paid per telephone number. If two claims for the same number

are submitted, the Claims Administrator will determine which is paid and may do

so by requesting extrinsic proof of ownership on the date of the applicable Text

Message(s).

        2.     In addition to the funds made available in Paragraph 1, Wolford

will pay the cost of administration through the offices of a Claims Administrator

selected and approved by the parties. Wolford will take all actions necessary to

satisfy the payment requirement of the Claims Administrator including payment of

all invoices in a timely manner and the placement of any required funds in appropriate escrow, trust or other accounts. Wolford is solely responsible for contacting the Claims Administrator to arrange for its retention, services and payment.

3.     Wolford will also jointly move with Plaintiff for leave for Wolford to pay Plaintiff Jennifer Liotta FIVE THOUSAND DOLLARS ($5,000.00) as a service award. The service award will be paid directly by Wolford to Plaintiff Jennifer Liotta for her service as named representative in this action. Such payment shall be in addition to any payment made to the Class.

4.     At the time of Final Approval, Wolford will also jointly move with Plaintiff for leave for Wolford to pay Class Counsel's attorney's fees in an amount equal to ONE THIRD (1/3) of the anticipated maximum settlement amount (cumulative of both tiers) of four hundred twelve thousand four hundred forty dollars ($412,440.00), or one hundred thirty seven thousand four hundred eighty dollars ($137,480.00) without regard to the number of claims forms submitted. Such payment shall be in addition to those payments to the Class Members and shall be made within fifteen (15) days of Final Approval.

**F.     Claims Administrator**

1.     The Claims Administrator shall administer various aspects of

23

the Settlement as described herein including, but not limited to: overseeing administration of the Settlement Fund; providing Mail Notice to Class Members; establishing and operating the Settlement Website; administering the Claims processes; and overseeing the distribution of Gift Card payments according to the processes and criteria set forth herein.

2.      The duties of the Claims Administrator, in addition to other responsibilities that are described in this Agreement, include:

a.      Performing, as reasonably necessary, a reverse phone number look up on the list of telephone numbers belonging to Class Members, which will be sent by the Parties to the Administrator on the Execution Date, to determine the addresses of as many Class Members as possible. The Administrator will perform multiple searches using different databases. The process that the Administrator utilizes will be approved by Wolford and Class Counsel. For the Class Members whose addresses are located, the Claims Administrator shall mail a post-card Notice to them via First Class U.S. Mail.

b.      Establishing and maintaining a U.S. mailbox for mailed written notifications of exclusion from the Settlement Class;

c.      Establishing and maintaining the Settlement Website;

d.      Establishing and maintaining a toll-free telephone line for

24

Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

e.     Responding to any mailed Settlement Class Member inquiries;

f.     Processing all written notifications of exclusion from the Settlement Class;

g.     Providing bi-monthly reports and, no later than ten days after the Opt-Out and Objection Deadline (both 60 days after the Notice Deadline), a report to Class Counsel and Wolford, that summarize the number of written notifications of exclusion received that week, the total number of written notifications of exclusion received to date, the number of opt-outs and objections returned to the sender with deficiency notices, and other pertinent information as requested by Class Counsel and Wolford's counsel;

h.     At least 14 days in advance of the Final Approval Hearing, preparing and delivering to Class Counsel a declaration to submit to the Court that: (i) attests to implementation of the Notice Program in accordance with the Preliminary Approval Order; (ii) opines on the sufficiency of the Notice Program and the response from Class Members; and (ii) identifies each Settlement Class

Member who timely and properly provided written notification of exclusion from the Class;

        i.    Reviewing, determining the validity of, and responding to all Claims submitted by Settlement Class Members, pursuant to criteria set forth herein;

        j.    After the Effective Date, overseeing the process of transmitting Gift Cards to Settlement Class Members;

        k.    Providing bi-monthly reports and a final report to Class Counsel and WOLFORD that summarize the number of Claims since the prior reporting period, the total number of Claims received to date, the number of any Claims approved and denied since the prior reporting period, the total number of Claims approved and denied to date, and other pertinent information as requested by Class Counsel and Wolford's counsel; and

        l.    Performing any function related to Settlement administration at the agreed-upon instruction of both Class Counsel and Wolford.

        3.    The costs of the Claims Administrator shall be borne by and separately paid by Wolford as described herein.

**G.    Miscellaneous**

        1.    Class Counsel and Plaintiff shall not assist any person or entity

26

that timely opted out of the Settlement Class, or their counsel, in any way in litigation or preparation for litigation concerning the subject matter of the Class Action.

2.      Wolford and Plaintiff expressly reserve all of their respective rights, defenses, and positions in the Class Action, without prejudice, to the extent that the Settlement Agreement does not receive Final Approval from the Court or, if appealed, from the Appellate Court or if the Settlement Agreement is rescinded by any party to this Settlement Agreement or otherwise becomes null and void.

3.      For the purpose of construing or interpreting this Settlement Agreement, Plaintiff and Wolford agree that it is to be deemed to have been drafted equally by all parties hereto and shall not be construed strictly for or against any party.

4.      The Parties acknowledge and agree that this Settlement Agreement contains the entire understanding between the Parties with respect to the subject matter hereof, that there is no representation, agreement, or obligation regarding the Settlement that is not expressly set forth in this Settlement Agreement, and that no representation, inducement, promise, or agreement not expressly set forth in the text of this Agreement shall be of any force or effect.

5.      The Parties agree to execute and deliver to each other party

27

from time- to-time such reasonable additional instruments or documents and to perform such other reasonable acts as may be necessary or desirable to effectuate this Settlement Agreement.

6. All terms of the Settlement Agreement are contractual and not mere recitals. This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Releasors and Releasees. Subject to the Court's Final Approval, each and every covenant and agreement made herein by Plaintiff shall be binding upon all Participating Class Members and Releasors.

7. Nothing expressed or implied in this Settlement Agreement is intended to or shall be construed to confer upon or give any person or entity other than Plaintiff, Participating Class Members, Releasors, and Releasees any right or remedy under or by reason of this Settlement Agreement.

8. This Settlement Agreement may be modified or amended only by a writing jointly executed by Class Counsel and counsel for Wolford, subject (if after preliminary or final approval by the Court) to approval by the Court. Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

9. All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of Georgia without

28

regard to its choice of law or conflict of law principles.

10.    Wolford, the Releasors, and each Participating Class Member hereby irrevocably submit to the exclusive jurisdiction of the U.S. District Court for the Northern District of Georgia for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement. Nothing herein shall be construed as a submission to jurisdiction for any purpose other than enforcement of the Settlement Agreement.

11.    Any disputes between or among Wolford and any Participating Class Member or Settlement Class Members concerning matters contained in this Settlement Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court. The Court shall retain jurisdiction over the implementation and enforcement of this Settlement Agreement.

12.    The headings used in this Settlement Agreement are intended for convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

13.    This Settlement Agreement contains an entire, complete and integrated statement of each and every term and provision agreed to by and among the parties, and it is not subject to any condition not provided for herein

14.    This Settlement Agreement may be executed in counterparts by

29

Class Counsel, Wolford and its counsel, and a facsimile or pdf signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

       15.   Each of the undersigned attorneys and parties represents that they are fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement, subject to Court approval.


Dated: 12/21/2017 _____      By: *_/s/ Jennifer Liotta_____*
                                        Plaintiff Jennifer Liotta


                                        Wolford America Inc.


Dated: 12/21/2017 _____      By: *_/s/ Brian Lange_*
                                          CEO


                                        FRIED & BONDER LLC


Dated: 12/21/2017 _____      By: *_/s/ Scott L. Bonder_____*
                                        Scott L. Bonder
                                        Georgia Bar No. 066815
                                        sbonder@friedbonder.com
                                        Joseph A. White
                                        Georgia Bar No. 754315
                                        jwhite@friedbonder.com
                                        1170 Howell Mill Road, NW
                                        Atlanta, Georgia  30318
                                        Telephone: (404) 995-8808
                                        Counsel for Plaintiff

MINTZ LEVIN COHN FERRIS
GLOVSKY and POPEO P.C.

Dated: 12/21/2017    By: */s/ Samantha J. Duplantis*
           Samantha J. Duplantis
           California State Bar No. 316012
           sjduplantis@mintz.com
           44 Montgomery Street, 36th Floor
           San Francisco, California 94104
           Telephone: (415) 432-6000
           Counsel for Defendant

# Exhibit A to Settlement Agreement

P.O. Box xxxxx
XXXXX, XX XXXXX

«Barcode»

Postal Service: Please do not mark barcode

Claim#: FDR-«ClaimID»-«MailRec»
«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St»  «Zip»
«Country»

Wolford

**This is NOT a solicitation from a lawyer. The Federal Court in this case has authorized this notice.**

A settlement has been reached in a class action lawsuit claiming that Wolford America, Inc. ("Wolford") sent text messages on July 7, 2016 and September 2, 2016 in violation of the federal Telephone Consumer Protection Act. Wolford denies liability, but has agreed to settlement to avoid the uncertainties and expenses of litigation.

<u>**Am I a class member?**</u> Our records indicate you may be a member of the settlement class either because you (1) received a text message from Wolford on July 7, 2016 or September 2, 2016 ("Tier One Member"), or (2) you received both text message sent on July 7, 2016 and September 2, 2016. ("Tier Two Member"). You can check online at www.tcpaclassbenefits.com/wolford/ or call 1-XXX-XXX-XXXX to check whether you are a class member or to review case documents in this litigation, including the Settlement Agreement.

<u>**What can I get?**</u> If the Court approves the settlement, class members submitting a timely, valid claim form will receive a Wolford Gift Card ($60 for Tier One; $120 for Tier Two). Gift Cards are transferable and have no expiration date.

<u>**How do I get an award?**</u> To receive a Gift Card, you **must** submit a timely and properly completed Claim Form no later than L.            You may mail the Claim Form available at www.tcpaclassbenefits.com/wolford/ or submit one online. You can check online for free whether you are a class member at www.tcpaclassbenefits.com/wolford/

<u>**What are my other options?**</u> You may exclude yourself from the settlement class by sending the Administrator a letter by XX-XX-XX. If excluded, you cannot get an award, but you retain claims you may have against Wolford over the issues in the case. If you do not exclude yourself, you and/or your lawyer may appear before the Court and/or object to the proposed settlement. Your written objection must be post-marked by XX-XX-XX. Specific instructions about how to object or exclude yourself from the settlement are available at www.tcpaclassbenefits.com/wolford/. If you do not exclude yourself, and the Court approves the settlement, you will be bound by all of the Court's orders and judgments and your claims relating to the text message will be released and resolved

<u>**Who represents me?**</u> The Court has appointed counsel to represent the Class, led by Fried & Bonder, LLC. If you want to be represented by your own lawyer, you may hire one at your expense.

<u>**When will the Court consider the proposed settlement?**</u> The Court will hold a Final Approval Hearing at XXX a.m. on XXXX, in Courtroom XXXXXXXXXXXXXXXX. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees of one third of the gross recovery of non-opt out class members; and decide whether to award the Class Representative $5,000. The Court may award less.

<u>**How do I get more information?**</u> For more information, including the full Notice, Claim Form and Settlement Agreement go to www.tcpaclassbenefits.com/wolford/ or contact the Settlement Administrator at XXXXX or at the address on the reverse side.

# Exhibit B to Settlement Agreement

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
Jennifer Liotta et. al. v. Wolford Boutiques, LLC, Case No. 1:16-cv-04634-WSD

**IF YOU RECEIVED A TEXT MESSAGE FROM WOLFORD AMERICA, INC. ON JULY 7, 2016 AND/OR ON SEPTEMBER 2, 2016 YOU MAY BE ELIGIBLE FOR BENEFITS
FROM A TCPA CLASS ACTION SETTLEMENT**

## BASIC INFORMATION

### 1.  Why is there a notice?

A Court authorized this notice because you have a right to know about a proposed settlement in a lawsuit against Wolford America, Inc. ("Wolford"), and all of your options, before the Court decides whether to give final approval to the settlement. This notice explains the nature of the lawsuit, the general terms of the settlement, and your legal rights and options.

The lawsuit was brought on behalf of persons who received either one or two text messages from Wolford on either or both July 7, 2016 and September 2, 2016. The text messages read as follows:

July 7, 2016: [fill in]
September 2, 2016: [fill in]

(These text messages will be referred to in this notice as the "Text Message(s)").

Judge Duffey of the U.S. District Court for the Northern District of Georgia is overseeing this litigation. The litigation is known as Jennifer Liotta, et. al. v Wolford Boutiques, LLC, Case No. 1:16-cv-04634-WSD. One of the persons who received the text, Jennifer Liotta, sued Wolford and is called the "Plaintiff." Wolford is called the "Defendant."

### 2.  What is this lawsuit about?

On July 7, 2016 and again on September 2, 2016 Wolford sent the Text Message(s) to the Plaintiff and many other recipients. Plaintiff contends that the text messages did not comply with and violated the federal statute, known as the Telephone Consumer Protection Act ("TCPA") 47 USCS § 227.  Plaintiff claims, and Wolford denies, that the Text Message(s) failed to include proper description of the sender of the text and failed to include a proper opt-out mechanism. Wolford denies any wrongdoing, and no court or other judicial entity has made any judgment or other determination of any wrongdoing. Nonetheless, to avoid the further costs of litigation, Wolford has agreed to settle.

### 3.  Why is this a class action?

In a class action, one or more people called "class representatives" sue on behalf of themselves and other people with similar claims. All of these people together are the "class" or "class members." One court resolves the issues for all class members, except for those who exclude

Questions? Go to www.tcpaclassbenefits.com/wolford/ or call 1-8xx-xxx-

themselves from the settlement class.  A class action is useful for pursuing claims that would otherwise be of too low a dollar value for just one Plaintiff to pursue.

**4.  Why is there a settlement?**

The Court has not decided in favor of Plaintiff or Wolford. Instead, both sides agreed to a settlement. Settlements avoid the costs and uncertainty of a trial and related appeals, while providing benefits to members of the settlement class ("Settlement Class Members"). The "Settlement Class Representative" appointed to represent the class, and the attorneys for the Settlement Class ("Settlement Class Counsel," see Question 14) think the settlement is best for all Settlement Class Members.

## WHO IS PART OF THE SETTLEMENT?

**5.  How do I know if I am part of the settlement?**

You are a member of the Settlement Class if you received either or both of the Text Message(s). Wolford's records indicate that a number associated with you received one or both of the Text Message(s). The person who owned the telephone number on July 7 2016 and/or September 2, 2016 is a Class Member.

**YOU CAN CHECK ONLINE FOR FREE WHETHER YOU ARE A CLASS MEMBER. SIMPLY GO TO Www.tcpaclassbenefits.com/wolford/, ENTER THE PHONE NUMBER YOU HAD ON JULY 7, 2016 AND/OR SEPTEMBER 2, 2016 AND FIND OUT IF YOU'RE A CLASS MEMBER.**

Alternatively, if you are not sure whether you are included in the Settlement Class, call **1-8XX-XXX-XXXX.**

## THE SETTLEMENT BENEFITS

**6.  What does the settlement provide?**

Wolford has agreed to provide Gift Cards ($60 or $120) to eligible Settlement Class Members that can be through any Wolford store or at redeemed at www.wolfordshop.com. Wolford has also agreed to pay attorneys' fees, costs, and expenses (see Question 15) and the costs of notifying the class and administering the settlement. Wolford will also pay a Service Award to the Class Representative.

A more detailed description of these changes is available in the Settlement Agreement which is available at **www.tcpaclassbenefits.com/wolford/.**

**7.  What can I get from the settlement?**

Questions? Go to www.tcpaclassbenefits.com/wolford/ or call 1-8xx-xxx-

2

**Gift Card:** **Class members who received just one of the Text Message(s) will each receive a $60.00 gift card provided they submit a timely claim form. Class members who received both Text Message(s) will receive a $120.00 gift card provided the submit a timely claim form.** Gift Cards are transferable and have no expiration date. You must submit a claim form to receive the Gift Card. **You can submit a claim form by simply filling out the online claim submission form at the below website or you can mail the same. You can check online for free to find out whether you are a class member.**

### 8. Will I receive a $60 or $120 Gift Card?

The Settlement Class has two levels of members.

"Tier One" Class Members will receive a $60 Gift Card. Tier One Class Members are recipients that received just one of the Text Message(s).

Tier Two Class Members will receive a $120.00 Gift Card. Tier Two Members are recipients that received both of the Text Message(s).

There is no reduction of payment to Class Members that will result from the level of Class Member participation in this settlement. All Class Members who submit timely claim forms and who received either one or both of the Text Messages will receive the Tier One or the Tier Two Payment. The amount of the Service Fee and Attorneys' Fees paid by Wolford pursuant to this Settlement is in addition to and will not impact the amounts paid to class members.

### HOW TO GET BENEFITS?

### 9. How do I get a payment?

To get a payment, you will need to submit a Claim Form on the Settlement Website (www.tcpaclassbenefits.com/wolford/) by **DAY-MONTH-YEAR** or submit a Claim Form by mail, which must be postmarked by **DAY-MONTH-YEAR**. The Claim Form is provided with this Notice, and further, is available at www.tcpaclassbenefits.com/wolford/ or by calling 1-8XX-XXX-
**XL.       Submitting a claim form is easy, taking a few minutes maximum.**

### 10. When will I receive my Gift Card?

If you submit a complete, accurate, valid, and timely Claim Form, the Settlement Administrator will send your payment to you after the settlement is finally approved and all appeals and other reviews have been resolved or exhausted. The process is likely to take several months.

### 11. What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the settlement, you will give up your right to sue Wolford and its affiliates/vendors or be part of any other lawsuit against Wolford and its affiliates/vendors about the issues this settlement resolves. Unless you exclude yourself, all of the Court's

Questions? Go to www.tcpaclassbenefits.com/wolford/ or call 1-8xx-xxx-

5

decisions will bind you. The specific claims you are giving up against Wolford and other released parties affiliated with Wolford are called "Claims." The Claims are described in the Settlement Agreement which is available at www.tcpaclassbenefits.com/wolford/. The Settlement Agreement describes the Claims you would be releasing with specific and accurate legal descriptions, so read it carefully.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Wolford based on claims this settlement resolves, you must take steps to get out of the Settlement Class.

### 12. How do I exclude myself from the settlement?

To exclude yourself from the settlement, you must send a letter by U.S. Mail to the Claims Administrator saying that you wish to do so. Your "Request for Exclusion" must include:

- the name of the Action (Liotta v. Wolford Boutiques, LLC or similar identifying words);
- your full name, address, and telephone number;
- an explanation of the basis upon which you claim to be a Class Member;
- all grounds for your objection, accompanied by any legal support for the objection;
- the identity (if any) of any attorney representing you who will appear at the Final Approval Hearing;
- a statement confirming whether you intend to personally appear and/or testify at the Final Approval Hearing; and,
- your signature on the written objection

You must mail your exclusion request, postmarked no later than **DATE/MONTH/YEAR**, to: **[MAILING ADDRESS FOR CLAIMS ADMINISTRATOR]**

You cannot exclude yourself by telephone or by email. You cannot exclude yourself by mailing a notification to any other location or after the deadline of **DATE/MONTH/YEAR**. Your exclusion letter must be signed by you, personally, and not your lawyer or anyone else acting on your behalf.

### 13. If I exclude myself, can I still get a Gift Card or the Benefit of the Injunction?

No. If you exclude yourself, you cannot receive the Gift Card or the benefit of the Injunction.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in the case?

Yes. The Court appointed the following attorneys to represent you and other Settlement Class Members as "Settlement Class Counsel."  Class Counsel in this case are Scott L. Bonder and Joseph A. White of Fried & Bonder, LLC, 1170 Howell Mill Road, NW, Suite 305, Atlanta, Georgia 30318.

Questions? Go to www.tcpaclassbenefits.com/wolford/ or call 1-8xx-xxx-

You will *not* be charged by these lawyers for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15. How will the lawyers be paid?

Settlement Class Counsel will ask the Court to award attorneys' fees, and reimburse reasonable costs and expenses. WOLFORD has agreed to jointly move for approval by the Court of a payment directly from Wolford to Class Counsel in the amount of $137,480.00. These fees and costs will be paid separately by WOLFORD and will not reduce the amount of benefits provided to the Class.

### OBJECTING TO THE SETTLEMENT

### 16. How do I tell the Court that I don't like the settlement?

If you are a Settlement Class Member, you can object to the settlement if you don't think it is fair, reasonable, or adequate. You can give reasons why you think the Court should not approve it. The Court will consider your views.

To object, you must send a letter stating that you object to the settlement. Your objection must include:

- The name of this proceeding (Liotta v. Wolford Boutiques, LLC, or similar identifying words);
- Your full name, address, and telephone number;
- Information illustrating that you are a Settlement Class Member, including your telephone number on July 7 and September 2, 2016;
- The reasons for the objection, as well as any documents supporting the objection;
- Any evidence or other information you wish to introduce in support of your objections;
- A statement of whether you or your lawyer intends to appear and/or testify at the Final Approval Hearing; and
- Your signature on the written objection (an attorney's signature is not sufficient).

To be considered by the Court, your objection must be mailed, postmarked no later than **DATE/MONTH/YEAR**, to the Claims Administrator at _____. The Claims Administrator will provide valid objections to the attorneys and to the Court. **NOTE: DO NOT SEND OBJECTIONS DIRECTLY TO THE COURT OVERSEEING THIS CASE**.

### 17. What's the difference between objecting and excluding myself?

Objecting is simply telling the Court that you don't like something about the settlement, but you remain a member of the Settlement Class.

Questions? Go to www.tcpaclassbenefits.com/wolford/ or call 1-8xx-xxx-

5

Excluding yourself is telling the Court that you don't want to be included in the settlement. If you exclude yourself, you have no basis to object to the settlement and related releases because the settlement no longer affects you.

## FINAL APPROVAL HEARING

**18. When and where will the Court decide to approve the settlement?**

The Court will hold a Final Approval Hearing at **TIME** on **DATE**, in the Courtroom of Judge Duffey at the U.S. District Court for the Northern District of Georgia, located in Courtroom 2108 of the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Dr., SW, Atlanta, Georgia 30303-3309. This hearing date and time may be moved. Please refer to the Settlement Website for notice of any changes.

At the Final Approval Hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who appear at the hearing. The Court may also decide how much Settlement Class Counsel will receive as attorneys' fees and costs and whether to award service payments to Settlement Class Representatives. After the Final Approval Hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**19. Do I have to come to the hearing?**

No. Settlement Class Counsel will answer questions the Court may have. However, you are welcome to come at your own expense. If you submit a written objection, you don't have to come to Court to talk about it. As long as you submitted your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

## IF I DO NOTHING

**20. What happens if I do nothing?**

If you are a Settlement Class Member and do nothing, then you will not receive a Gift Card and your claims against WOLFORD and its affiliates will be released. This means that you will not be able to start a lawsuit or be part of another lawsuit against WOLFORD or its affiliates over the claims resolved by the settlement. You will receive the benefit of the injunction.

## GETTING MORE INFORMATION

**21. How do I get more information?**

This notice summarizes the settlement. More details are in the Settlement Agreement itself. You can get a copy of the Settlement Agreement at **www.tcpaclassbenefits.com/wolford/** or from the Settlement Administrator by calling toll-free **1-XXX-XXX-XXXX** or writing to Settlement

Questions? Go to www.tcpaclassbenefits.com/wolford/ or call 1-8xx-xxx-

6

Administrator at **XXXXXXXXX**. The status of the settlement, any appeals, any claims made, and the date of payments will be posted on the Settlement Website.

# Exhibit C to Settlement Agreement

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
Jennifer Liotta, et. al. v. Wolford Boutiques LLC, Case No. 1:16-cv-04634-WSD

**YOU CAN SUBMIT THIS FORM ONLINE BEFORE XXX**
**www.tcpaclassbenefits.com/wolford/**


**OR MAIL THIS CLAIM FORM POSTMARKED BY XXXXXXX to**
**Wolford TCPA Settlement**
**P.O. Box. XXXX, XXXXX, XXXX, XXXX**

**CLAIM FORM**

**Full Name:**_____

**Mailing Address:**_____**City:**_____

**State:**_____**ZIP:**_____**Telephone Number:**_____

### SETTLEMENT OVERVIEW:

Wolford America, Inc. ("Wolford") has agreed to resolve claims related to a text message sent by it or its agents on July 7, 2016 and September 2, 2016 (the "Text Message(s)"). You are a member of the Settlement Class if the documents collected by Class Counsel show that you received the Text Message(s). If you received only one of the Text Message(s) you are entitled to a transferable and non-expiring gift card in the amount of **$60.00**. If you received both Text Message(s) then you are entitled to a transferable and non-expiring gift card in the amount of **$120.00**. **You can check online at www.tcpaclassbenefits.com/wolford/ or call 1-XXX-XXX-XXXX for free to check whether you are a class member or to review case documents in this litigation, including the Settlement Agreement.**

**Wolford will provide gift cards to class members ($60 for Tier One; $120 for Tier Two) who submit a timely and valid claim form.** Gift Cards are transferable and have no expiration date. You must submit a claim form to receive the Gift Card.

**IMPORTANT! You must identify a telephone number in the Class to be eligible for a Gift Card. If you have any questions or if you not sure whether you are a member, please call 1-XXX-XXX-XXXX.**

### YOUR CLAIM:

I received the Text Message(s) on (circle all that apply) **July 7, 2016 / September 2, 2016**, on my **telephone number**:

_____ (provide CLEAR 10-digit telephone number)

I hereby certify that the information I provided in this claim form is true and correct.

Name:_____Signature:_____

Date:_____